UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

KNOXVILLE DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | FILE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VIC INTERNATIONAL CORPORATION, VIC | ) | |
| INTERNATIONAL 401(K) PROFIT SHARING | ) | **C O M P L A I N T** |
| PLAN, JAMES VICTOR GREEN, KELLY | ) | (**Injunctive Relief Sought**) |
| MILLIGAN, AND PAUL KELLEY, | ) | |
| INDIVIDUALLY, | ) | |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("the Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.,* and is brought by the Secretary under § 502(a)(2) and (5) of ERISA 29 U.S.C. § 1132(a)(2) and (5) to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §§ 404(a)(1)(A) and (B), §§ 406 (a)(1)(D) and 406(b)(1) and (2), and § 403(c)(1) and to obtain such other relief as may be appropriate to redress violations and enforce the provisions of that Title pursuant to § 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5).

2. Jurisdiction hereof is conferred upon the Court by § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the Eastern District of Tennessee, pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. Vic International 401(K) Profit Sharing Plan (" the Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to §4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. The Plan was established by Vic International Corporation ("Vic International or "the Company") in 1996.

6. The Company ceased operations in approximately March of 2012.

7. Defendant Vic International the employer, Plan sponsor, and Tennessee corporation is or was at all times relevant to this action a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

8. Defendant James Victor Green ("Green"), an individual and trustee of the Plan is or was at all times relevant to this action a "fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

2

9. Defendant Kelly Milligan ("Milligan"), an individual and trustee of the Plan is or was at all times relevant to this action a "fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10. Defendant Paul Kelley ("Kelley"), an individual and trustee of the Plan is or was at all times relevant to this action a "fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

11. Defendants Vic International, Green, Milligan, and Kelley (collectively "Defendants") are parties in interest with respect to the Plan within the meaning of § 3(14), 29 U.S.C. § 1002(14) of ERISA.

12. The Plan permitted participants to contribute a portion of their pay to the Plan through payroll deductions.

13. In accordance with 29 C.F.R. § 2510.3-102, participant contributions were required to be forwarded to the Plan on the earliest date on which such contributions could reasonably be segregated from the employer's general assets.

Allegations Pertaining to Unremitted Employee Contributions

14. For payroll periods between August 13, 2011 and March 8, 2012, Defendants withheld employee contributions to the Plan in the amount of $21,688.60, failed to segregate the contributions from Company assets as soon as they reasonably could do so and never forwarded them to the Plan.

3

15. During the periods that participant contributions were not remitted to the Plan as required, Defendants caused or allowed the contributions to be commingled with the general assets of the Company.

16. Defendants caused or allowed the commingled funds referred to in the preceding paragraph to be used for Company purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

17. Defendants have failed to take action to restore to the Plan the full amount of the un-remitted contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

## Allegations Pertaining to Prohibited Transactions

18. Defendants caused or allowed distributions from the Plan to Defendant Kelly Milligan totaling $69,600 on or about October 27, 2011 and November 11, 2011 without documentation of the type of distribution or record of repayment.

## Allegations Pertaining to the Failure to Administer the Plan

19. Defendants failed to make distribution of Plan assets and terminate the Plan when the Company ceased operations.

20. Defendants failed to monitor, control or attempt to rectify the acts of one another with respect to the Plan.

## Claims

21. By the actions described in paragraphs 14 through 20, Defendants, as fiduciaries of the Plan,

(a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c) failed to ensure that the assets of the Plan did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

(d) caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

(e) dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

(f) caused the Plan to engage in transactions which they knew or should have known constituted lending of money or other extension of credit between the plan and a party in interest, in violation of ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B).

22. Defendants are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other

fiduciary, knowing such act was a breach, in violation of § 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A. Order Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of his breaches of fiduciary obligations

B. Order that the Plan set off the individual Plan accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

C. Appoint a successor fiduciary or administrator, at Defendants' expense;

D. Permanently enjoin Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

E. Enjoin Defendants from engaging in any further action in violation of Title I of ERISA;

F. Award Plaintiff the costs of this action; and

G. Provide such other relief as may be just and equitable.

| | |
|---|---|
| ADDRESS: | M. PATRICIA SMITH<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>By:*s/ Robert M. Lewis*<br>    Robert M. Lewis<br>    Counsel |
| Telephone:<br> (404) 302-5463<br> (404) 302-5438 (FAX)<br>Lewis.robert@dol.gov<br>Haynes.Sophia@dol.gov<br>ATL.FEDCOURT@dol.gov | By:*s/ Sophia E. Haynes*<br>    Sophia E. Haynes<br>    Attorney<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff. |