UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SECRETARY OF LABOR, U.S. DEPT. OF LABOR, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:15-CV-00079 ) |
| VIC INTERNATIONAL CORPORATION, et al | ) ) ) |
| Defendants. | ) ) |

## ANSWER OF DEFENDANT PAUL KELLEY

Defendant Paul Kelley ("Kelley"), by and through counsel, respectfully answers the complaint filed against him as follows:

1. In response to paragraph 1, Kelley admits that this action is filed under the enforcement provisions of the Employee Retirement Income Security Act ("ERISA"). Kelley denies that the plaintiff is entitled to any relief against him in this action.

2. In response to paragraph 2, Kelley does not contest the court's subject matter jurisdiction of this action.

3. In response to paragraph 3, Kelley does not contest venue in this action.

4. In response to paragraph 4, Kelley admits that the Vic International 401(k) Profit Sharing Plan (the "Plan") is an employee benefit plan covered by ERISA. Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 4.

5. Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 of the complaint.

1

6. Kelley admits the averments in paragraph 6 of the complaint.

7. The averments in paragraph 7 pertain to another defendant and, therefore, do not require a response from Kelley. To the extent a response is deemed necessary, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7 of the complaint.

8. The averments in paragraph 8 pertain to another defendant and, therefore, do not require a response from Kelley. To the extent a response is deemed necessary, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 of the complaint.

9. The averments in paragraph 9 pertain to another defendant and, therefore, do not require a response from Kelley. To the extent a response is deemed necessary, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9 of the complaint.

10. In response to paragraph 10, Kelley admits that, for a period of time, he was a fiduciary under the Plan. However, by the time of the acts or omissions alleged in the complaint, Kelley was no longer authorized to act as a fiduciary under the Plan, so Kelley denies that he was a fiduciary at the times relevant to this action.

11. Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 11 of the complaint.

12. Kelley admits the averments in paragraph 12 of the complaint.

13. Kelley admits the averments in paragraph 13 of the complaint.

14. Kelley denies the averments in paragraph 14 of the complaint insofar as they pertain to him. To the extent the averments pertain to other defendants, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments.

15. Kelley denies the averments in paragraph 15 of the complaint insofar as they pertain to him. To the extent the averments pertain to other defendants, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments.

16. Kelley denies the averments in paragraph 16 of the complaint insofar as they pertain to him. To the extent the averments pertain to other defendants, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments.

17. Kelley denies the averments in paragraph 17 of the complaint insofar as they pertain to him. To the extent the averments pertain to other defendants, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments.

18. Kelley denies the averments in paragraph 18 of the complaint insofar as they pertain to him. To the extent the averments pertain to other defendants, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments.

19. Kelley denies the averments in paragraph 19 of the complaint insofar as they pertain to him. To the extent the averments pertain to other defendants, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments.

20. Kelley denies the averments in paragraph 20 of the complaint insofar as they pertain to him. To the extent the averments pertain to other defendants, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments.

21. Kelley denies the averments in paragraph 21 of the complaint insofar as they pertain to him. To the extent the averments pertain to other defendants, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments.

22. Kelley denies the averments in paragraph 22 of the complaint insofar as they pertain to him. To the extent the averments pertain to other defendants, Kelley is currently without knowledge or information sufficient to form a belief as to the truth of the averments.

23. In response to the prayer for relief, Kelley denies that the plaintiff is entitled to the relief therein requested or any relief against him in this action.

24. Kelley hereby denies any and all averments of the complaint not heretofore admitted, qualified or denied.

## AFFIRMATIVE DEFENSES

25. Kelley pleads and relies upon all defenses available to him under ERISA, 29 U.S.C. Sections 1001, et seq.

26. At the time of the acts or omissions alleged in the complaint, Kelley had been relieved of authority to act as a fiduciary with respect to the Plan.

THEREFORE, now having fully answered, Kelley prays that the plaintiff's complaint be dismissed with prejudice, that costs be taxed to the plaintiff, and that Kelley be awarded any other relief the court deems just and proper.

Respectfully submitted this 28th day of April, 2015.

> WOOLF, McCLANE, BRIGHT, ALLEN
> & CARPENTER, PLLC
>
> /s/ Tony R. Dalton
>    Tony R. Dalton, BPR No. 014812
>
> 900 South Gay Street, Suite 900
> P.O. Box 900
> Knoxville, TN  37901
> 865-215-1000
> 865-215-1001 (fax)
>
> *Attorney for Defendants UNUM Life Insurance Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2015, a copy of the foregoing Answer was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

> s/  Tony R. Dalton, Esq.
>    Tony R. Dalton, Esq., BPR 014812

5

3262640.1
Case 3:15-cv-00079-PLR-CCS   Document 3   Filed 04/28/15   Page 5 of 5   PageID #: 34