THOMAS E. PEREZ,                                    )
Secretary of Labor,                                 )
United States Department of Labor                   )
                                                    )
                 Plaintiff,                         )
v.                                                  )
                                                    )        Case No. 3:15-cv-00079
VIC INTERNATIONAL CORPORATION                       )
VIC INTERNATION 401 (K) PROFIT                      )
SHARING PLAN, JAMES VICTOR GREEN                    )
KELLY MILLIGAN, AND PAUL KELLEY,                    )
INDIVIDUALLY,                                       )
                                                    )
                                                    )
                                                    )
                 Defendants,                        )


## ANSWER TO THE COMPLAINT BY DEFENDANT MILLIGAN

Comes now Defendant Kelly Milligan, and for Answer to the Complaint, states as follows:

1.      For answer to paragraph 1, it is admitted that Plaintiff has brought a cause of action pursuant to ERISA.  It is denied Plaintiff is entitled to the relief sought.

2.      The allegations of paragraph 2 are admitted.

3.      The allegations of paragraph 3 are admitted.

4.      For answer to paragraph 4, it is admitted that the Vic International 401 (K) Profit Sharing Plan is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. § 1002(3), subject to coverage under ERISA.  Defendant Milligan lacks sufficient

1

information to confirm or deny the remaining allegations contained in paragraph 4 and therefore such allegations are denied.

5.    The allegations of paragraph 5 are admitted.

6.    The allegations of paragraph 6 are admitted.

7.    For answer to paragraph 7, Defendant Milligan lacks sufficient information to confirm or deny the allegations and therefore said allegations are denied.

8.    For answer to paragraph 8, Defendant Milligan lacks sufficient information to confirm or deny the allegations and therefore said allegations are denied.

9.    For answer to paragraph 9, it is admitted that Defendant Milligan is a trustee of the Plan.  The  remaining allegations in paragraph 9 are denied.

10.    For answer to paragraph 10, Defendant Milligan lacks sufficient information to confirm or deny the allegations and therefore said allegations are denied.

11.    For answer to paragraph 11, Defendant Milligan lacks sufficient information to confirm or deny the allegations and therefore said allegations are denied.

12.    The allegations in paragraph 12 are admitted.

13.    For answer to paragraph 13, Defendant Milligan lacks sufficient information to confirm or deny the allegations and therefore said allegations are denied.

14.    For answer to paragraph 14, it is admitted that there was some amount of employee contributions to the Plan not forwarded to the Plan by Vic International. Defendant Milligan otherwise lacks sufficient information to confirm or deny the details of the allegations and therefore said allegations are denied.

15.    The allegations of paragraph 15 are denied.

2

16. The allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 are denied.

18. The allegations of paragraph 18 are denied.

19. For answer to paragraph 19, it is admitted that the Plan assets have not been distributed and the Plan has not been terminated. Defendant Milligan lacks sufficient information to confirm or deny the remaining allegations contained in paragraph 19 and therefore such allegations are denied.

20. The allegations of paragraph 20 are denied.

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are denied.

23. While Defendant Milligan will endeavor to cooperate with Plaintiff and the Court as it regards any conduct by her actionable in this matter, for general answer to the Complaint, it is denied that Plaintiff is entitled to the relief sought.

24. All allegations in the Complaint not herein above admitted, qualified, or denied are denied.

25. For her first affirmative defense, Defendant Milligan would show that at all times material she was not, in fact, a control person as to any money not contributed by Vic International to the Plan.

26. For her second affirmative defense, Defendant Milligan would rely on the doctrine of laches, as may be applicable, in that due to the passage of time, various documents and information necessary for her defense in this matter may be lost or otherwise destroyed.

3

WHEREFORE, Defendant Milligan prays that the Court dismiss the Complaint and award any other relief to which Defendant may be entitled.

Submitted this _15th __ day of May, 2015.


*/s/ Joanna R. O'Hagan*
_____
Joanna R. O'Hagan (BPR #025616)
QUIST, CONE, & FISHER, PLLC
2121 First Tennessee Plaza
Knoxville, TN 37929
(865) 524.1873
johagan@QCFlaw.com

Attorney for Defendant Kelly Milligan


## CERTIFICATE OF SERVICE

I hereby certify that on this the **15th day of May, 2015**, a copy of the foregoing Document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.


**/s/ Joanna R. O'Hagan**
Joanna R. O'Hagan (BPR #025616)