UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

THOMAS E. PEREZ, Secretary of Labor, )
UNITED STATES DEPARTMENT LABOR, )
)
) FILE NO.
) 3:15-cv-79-PLR-CCS
)
Plaintiff, )
)
v. )
)
VIC INTERNATIONAL CORP., INC.; VIC )
INTERNATIONAL 401(K) PROFIT SHARING )
PLAN; JAMES VICTOR GREEN, KELLY )
MILLIGAN AND PAUL KELLEY, )
INDIVIDUALLY )
)
Defendants. )

## CONSENT JUDGMENT AND ORDER

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("the Secretary"), pursuant to his authority under sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, ("ERISA") has filed a Complaint against Vic International Corporation, Inc., ("Vic International" or "the Company"), Vic International 401(K) Profit Sharing Plan ("the Plan"), and James Victor Green ("Green"), Kelly Milligan ("Milligan"), and Paul Kelley ("Kelley") individually (collectively, "the Defendants"). The Vic International 401(K) Profit Sharing Plan is a named defendant pursuant to Fed. R.

Civ. P. 19(a) solely to assure complete relief may be granted. Defendants and the Secretary have agreed to resolve all matters in controversy in this action and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

    A.    Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

    B.    The Secretary's Complaint alleges Vic International, Green, Milligan and Kelley were fiduciaries and parties in interest to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. §§ 1003(21)(A), and that Defendants breached their fiduciary duties with respect to the Plan by violating the provisions of ERISA sections 404, 405 and 406, 29 U.S.C. §§ 1104, 1105, and 1106 as set forth in the Complaint.

    C.    The Secretary alleges that as a result of their fiduciary breaches, the Defendants caused the Plan losses in unremitted contributions and loan repayments in the amount of $21,688.60 and $9,600.00 in a separate loan to Defendant Milligan that has not been repaid for which they are jointly and severally liable. Of the total losses to the Plan, $18,875.08 is allocated to participants other than Green, Milligan or Kelley ("Non-Fiduciary Participants"). The Secretary also

2

Case 3:15-cv-00079-PLR-CCS   Document 35   Filed 12/08/15   Page 2 of 18   PageID #: 176

alleges that the Defendants also caused the Plan lost earnings in the amount of $2,801.82. Of the total lost earnings, $1,729.93 is allocated to participants other than Green, Milligan or Kelley ("Non-Fiduciary Participants").

D. Defendants shall not later than 30 days from the entry of this Court's Order, make restitution to the Plan in the sum of $20,605.01, to be allocated to the accounts of all the participants and beneficiaries and former participants and beneficiaries with the exception that none of said sum shall be allocated to the accounts of Green, Milligan or Kelley. In the event the Defendants fail to make restitution in the amount ordered, post judgment interest shall be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

E. All parties reserve their respective rights to argue whether the provisions of 11 U.S.C. § 523 would apply in the event one of the parties files for bankruptcy between entry of the consent judgment and conclusion of the successor fiduciary's actions in effectuating the terms of this settlement.

F. Defendants expressly waive any and all claims of whatever nature that they have or may have had against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

G. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants.

H. The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Vic International, Green, Milligan and Kelley, their agents, servants, and all persons in active concert or participation with them, are hereby permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Vic International, Green, Milligan and Kelley are hereby permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

4. Defendants acknowledge that there is credible evidence to support the Plaintiff's claims that their actions, individually or collectively, caused losses to the plan of approximately $31,288.60. While defendants neither admit nor deny

4

the specifics of plaintiff's claims, they are willing, in order to compromise and settle those claims, to become jointly and severally liable for the amounts owed to the Plan.

5. Defendants shall not later than 30 days from the entry of this Order make restitution to the Plan in the sum of $20,605.01 to be allocated to the accounts of all the participants and beneficiaries and former participants and beneficiaries with the exception that none of said sum shall be allocated to the account of the Defendants. In the event that Defendants fail to make restitution in the amount ordered, post judgment interest shall be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S. C. § 1961, from the date hereof until paid in full

6. Defendant Milligan expressly agrees to waive any interest that she has in the Plan to allow any participant interest she may have in any existing or future assets of the Plan to be applied as an offset against the amounts that the Plaintiff has alleged are due to the Plan, as authorized by ERISA § 206(d)(4). The Plan document is hereby deemed amended to permit the distribution and offset of Milligan's participant interest, as provided herein.

7. By his signature below, John Milligan (spouse of Milligan), waives any claims that he may currently have for his spouse's benefits under the Plan with respect to Milligan's account. He further acknowledges he understands that: (a)

5

the effect of such consent may be to forfeit the benefits that he would be entitled to receive upon his spouse's death; (b) his spouse's waiver is not valid without his consent; and (c) his consent is irrevocable upon the entry of this Order.

8. By her signature below, Milligan hereby declares and affirms that the terms of this Consent Judgment and Order are not now inconsistent with any qualified domestic relations order of any court of competent jurisdiction wherein any domestic relations matter between her and a former spouse has been filed, or is pending; that she will not enter into any qualified domestic relations order that is inconsistent with the terms of this Consent Judgment and Order; and that this Consent Judgment and Order constitutes a settlement described by ERISA section 206(d)(4)(A)(iii), 29 U.S.C. § 1056(d)(4)(A)(iii).

9. Defendant Green expressly agrees to waive any interest that he has in the Plan to allow any participant interest he may have in any existing or future assets of the Plan to be applied as an offset against the amounts that the Plaintiff has alleged are due to the Plan, as authorized by ERISA § 206(d)(4). The Plan document is hereby deemed amended to permit the distribution and offset of Green's participant interest, as provided herein.

10. By his signature below, Green hereby declares and affirms that the terms of this Consent Judgment and Order are not now inconsistent with any qualified domestic relations order of any court of competent jurisdiction wherein

6

Case 3:15-cv-00079-PLR-CCS   Document 35   Filed 12/08/15   Page 6 of 18   PageID #: 180

any domestic relations matter between him and a former spouse has been filed, or is pending; that he will not enter into any qualified domestic relations order that is inconsistent with the terms of this Consent Judgment and Order; and that this Consent Judgment and Order constitutes a settlement described by ERISA section 206(d)(4)(A)(iii), 29 U.S.C. § 1056(d)(4)(A)(iii).

11. Defendant Kelley expressly agrees to waive any interest that he has in the Plan to allow any participant interest he may have in any existing or future assets of the Plan to be applied as an offset against the amounts that the Plaintiff has alleged are due to the Plan, as authorized by ERISA § 206(d)(4). The Plan document is hereby deemed amended to permit the distribution and offset of Kelley's participant interest, as provided herein.

12. By her signature below, Janice G. Kelley (spouse of Kelley), waives any claims that she may currently have for her spouse's benefits under the Plan with respect to Kelley's account. She further acknowledges she understands that: (a) the effect of such consent may be to forfeit the benefits that she would be entitled to receive upon her spouse's death; (b) her spouse's waiver is not valid without her consent; and (c) her consent is irrevocable upon the entry of this Order.

13. By his signature below, Kelley hereby declares and affirms that the terms of this Consent Judgment and Order are not now inconsistent with any qualified domestic relations order of any court of competent jurisdiction wherein

7

any domestic relations matter between him and a former spouse has been filed, or is pending; that he will not enter into any qualified domestic relations order that is inconsistent with the terms of this Consent Judgment and Order; and that this Consent Judgment and Order constitutes a settlement described by ERISA section 206(d)(4)(A)(iii), 29 U.S.C. § 1056(d)(4)(A)(iii).

14. Once the corrective actions required in this Consent Judgment and Order are complied with, the Secretary is required to assess a civil penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The penalty under § 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is $4,121.00. Defendants shall pay to the Department of Labor the civil money penalty in the amount of $4,121.00, pursuant to ERISA § 502(l)(2), 29 U.S.C. § 1132(l)(2), upon assessment of such penalty by the Department of Labor. If Defendants apply for a waiver to reduce or eliminate the penalty amount pursuant to ERISA § 502(l)(3), 29 U.S.C. § 1132(l)(3), and is denied such waiver by the Secretary, they shall pay any applicable penalty amount within ten days of the Secretary's denial.

15. Jeanne Bryant of Receivership Management, Inc., 783 Old Hickory Blvd., Suite 255, Brentwood, TN is appointed as successor fiduciary for the Plan and:

8

a. The successor fiduciary shall collect, marshal, and administer all of the Plan's assets and take such further actions with respect to the Plan as may be appropriate.

b. The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the successor fiduciary's duties.

c. The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

d. The successor fiduciary shall be entitled to receive reasonable fees and expenses for her services, payable from the assets of the Plan. Defendants shall be responsible for reimbursing the Plan for the entire successor fiduciary's reasonable fees and expenses with respect to services performed for the Plan. Prior to obtaining payment for services and expenses authorized pursuant to this consent judgment, the successor fiduciary shall file with the Court, with copies to all parties, invoices for such fees and expenses at such times and on such a schedule as the successor fiduciary, in his sole discretion, deems appropriate. The Defendants acknowledge and agree that the invoice will be considered properly delivered if it is deposited in the United States mail, addressed to: **Kelly Milligan 3900 Middlebrook Pike, Knoxville, TN. 37921, Paul Kelley 1324**

Knightsbridge Drive, Knoxville, TN. 37922 and James Victor Green, 770 Dannaher Drive, #220, Powell, TN 37849.

  e. If no party or the Court objects within 15 days of service of any invoice, full payment of such invoice shall be made by Defendants to the Plan, and received by the successor fiduciary, not later than the 16th day following the date of the invoice. Interest shall accrue on any past due amount at the rate of 18% per annum, compounded daily. The Defendants shall be responsible, jointly and severally, for all costs, including reasonable attorneys' fees and expenses, incurred by the successor fiduciary and/or the Plan in the course of collecting such past due amounts. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

  f. Defendant shall deliver or otherwise make available to the successor fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of the successor fiduciary.

  g. The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

  h. The successor fiduciary in the performance of her duties may retain such assistance as she may require, including attorneys, accountants, actuaries and other service providers;

10

i. The payment of administrative expenses and all fees to the successor fiduciary, his assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Plan;

j. The successor fiduciary or his agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured or vested prior to the appointment of the successor fiduciary;

k. The successor fiduciary is to comply with all applicable rules and laws.

16. This Consent Judgment and Order resolves all claims of the Secretary's Complaint against Defendants Vic International, Green, Milligan and Kelley with the following exceptions:

a. This Consent Judgment and Order does not affect or bind any governmental agency other than the United States Department of Labor and only resolves claims arising out of this action between the Secretary of Labor and Defendants Vic International, Green, Milligan and Kelley.

b. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

11

17. The Defendants have entered into this Consent Judgment and Order pursuant to a compromise and settlement of Plaintiffs' claims to which they neither admit nor deny. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

SO ORDERED this  8th  day of  December  2015.

_____
UNITED STATES DISTRICT JUDGE

| DEFENDANTS JAMES VICTOR GREEN, KELLY MILLIGAN, AND PAUL KELLEY, Individually, VIC INTERNATIONAL CORPORATION, INC., AND VIC INTERNATIONAL 401(K) PROFIT SHARING PLAN HEREBY CONSENT TO ENTRY OF THIS CONSENT JUDGMENT AND ORDER | PLAINTIFF THOMAS E. PEREZ, SECRETARY OF LABOR, MOVES FOR ENTRY OF THIS CONSENT JUDGMENT AND ORDER |
|---|---|

*[signature]*
James Victor Green, individually

*[signature]*
Kelly Milligan, individually

*[signature]*
Paul Kelley, individually

*[signature]*
Vic International 401(K) Profit Sharing Plan
By: James Victor Green, Plan Trustee

*[signature]*
Vic International Corporation, Inc.
By: James Victor Green, President

M. PATRICIA SMITH
Solicitor of Labor
Washington, D.C.

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

/s/ *[signature]*
Sophia E. Haynes
Trial Attorney

U. S. Department of Labor
Office of the Solicitor
61 Forsyth Street, SW, Room 7T10
Atlanta Georgia 30303
Telephone: 404.302.5463
Facsimile: 404.302.5438
Email: ATL.Fedcourt@dol.gov
        Haynes.Sophia@dol.gov

Attorneys for Plaintiff

## PARTICIPANT CONSENT

I, James Victor Green, hereby consent to entry of this Order, and specifically affirm and consent to the terms set forth in paragraph 9 of the Order.

_____
James Victor Green

State of Tennessee )
)
County of Knox )

SWORN TO and SUBSCRIBED before me this

24th day of November 2015.

_____
Notary Public

My Commission Expires: 12.04.18    (SEAL)



14

## PARTICIPANT CONSENT

I, Kelly Milligan, hereby consent to entry of this Order, and specifically affirm and consent to the terms set forth in paragraph 6 of the Order.

_____
Kelly Milligan

State of Tennessee )
)
County of  Knox )

SWORN TO and SUBSCRIBED before me this

24th day of November 2015.

_____
Notary Public

My Commission Expires: 12.04.18        (SEAL)



15

## SPOUSAL CONSENT

I, John Milligan, spouse of Kelly Milligan, hereby consent to entry of this Order, and specifically consent to the terms set forth in paragraph 7 of the Order.

_____
John Milligan

State of Tennessee )
)
County of __Knox__ )

SWORN TO and SUBSCRIBED before me this 24th day of November 2015.

_____
Notary Public

My Commission Expires: 12.04.18       (SEAL)

[Notary Seal: KIMBERLY A. AYERS, STATE OF TENNESSEE NOTARY PUBLIC, Comm. Exp. 12-4-2018, KNOX COUNTY]

16

## PARTICIPANT CONSENT

I, Paul Kelley, hereby consent to entry of this Order, and specifically affirm and consent to the terms set forth in paragraph 11 of the Order.

*Paul L. Kelley*
Paul Kelley

State of Tennessee )
)
County of Knox )

SWORN TO and SUBSCRIBED before me this

24th day of November 2015.

*Darlene Jenkins*
Notary Public

My Commission Expires: 5/6/18    (SEAL)



17

## SPOUSAL CONSENT

I, Janice G. Kelley, spouse of Paul Kelley, hereby consent to entry of this Order, and specifically consent to the terms set forth in paragraph 12 of the Order.

_Janice G. Kelley_
Janice G. Kelley

State of Tennessee    )
                      )
County of Knox        )

SWORN TO and SUBSCRIBED before me this 24th day of November 2015.

_Darlene Jenkins_
Notary Public

My Commission Expires: 5/6/18    (SEAL)

18